IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MICHAEL WHIPPLE and
BRUCE GAFFIELD,**

      **Plaintiffs,**

v.

**CROSS COUNTRY BANK, INC.;
APPLIED CARD SYSTEMS, INC.;
EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; and TRANS
UNION, LLC,**

      **Defendants.**

CV 04-399-BR

**OPINION AND ORDER**

**KEITH KARNES**
Olsen, Olsen & Daines
1599 State Street
P.O. Box 12829
Salem, OR 97309
(503) 362-9393

      Attorneys for Plaintiffs

1 - OPINION AND ORDER

**MARK B. COMSTOCK**
Garrett, Hemann, Robertson, Jennings,
  Comstock & Trethewy
1011 Commercial Street N.E., Suite 210
P.O. Box 749
Salem, OR  97308
(503) 581-1501

**ABRAHAM J. COLMAN**
**SCOTT H. JACOBS**
**VAN T. LAM**
Buchalter, Nemer, Fields & Younger
601 South Figueroa Street, Suite 2400
Los Angeles, CA  90017
(213) 891-0700

>        Attorneys for Defendants Cross Country Bank, Inc., and
>        Applied Card Systems, Inc.

**BROWN, Judge.**

This matter comes before the Court on Defendant Applied Card Systems, Inc.'s (ACS) Motion for Judgment on the Pleadings (#44). On August 29, 2005, the Court heard oral argument on Defendant's Motion. As stated on the record, the Court **GRANTS** Defendant's Motion for the following reasons.

## BACKGROUND

On March 19, 2004, Plaintiffs filed their Complaint. Plaintiffs asserted four separate claims for violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681(p), each claim against a single Defendant. Although Plaintiffs named ACS as a Defendant, Plaintiffs did not assert a specific claim against it.

On June 21, 2004, the Court informed Plaintiffs that "it does not appear Plaintiffs seek any finding of liability against" ACS. The deadline for amending pleadings expired on January 31, 2005. Plaintiffs did not seek leave to amend their Complaint either before or after that deadline.

On June 10, 2005, the Court signed an Order dismissing all claims by Plaintiff Bruce Gaffield against Defendants Cross Country Bank and ACS based on the parties' stipulation.

**STANDARDS**

Fed. R. Civ. P. 12(c) provides:

> After pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Judgment on the pleadings is proper when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law. *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002). The court may not rely on evidence outside the pleadings to grant a motion for judgment on the pleadings. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

**DISCUSSION**

In his Complaint, Plaintiff alleged few facts concerning ACS. Plaintiff alleged ACS regularly furnishes information to consumer reporting agencies, collects the debts of Defendant Cross Country Bank, and reports to credit reporting agencies on behalf of Cross Country. Even after viewing the allegations in the Complaint in the light most favorable to Plaintiff, the Court finds Plaintiff has not alleged sufficient facts from which a finding of liability under FCRA could be made against Defendant ACS. In fact, Plaintiff does not allege any conduct by ACS that violates FCRA. Accordingly, the Court concludes ACS is entitled to a judgment of dismissal.

As noted, despite having been placed on notice of the deficiency of his allegations against ACS in June 2004, Plaintiff did not seek leave to amend the Complaint. Discovery has now closed, and the time for filing dispositive motions has passed, and this action is scheduled for trial on October 25, 2005.

When a case management order sets a deadline for amending pleadings and the deadline has passed, the liberal policy regarding amendment of pleadings no longer applies. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2002). To allow amendment, the scheduling order must be modified, which requires leave of Court and a showing of good cause. *Id.* Plaintiff has not offered any reason for his failure to amend his Complaint

within the time limits set by the Court or to seek leave to do so after that deadline.  In light of Plaintiff's failure to show good cause and the approaching trial date, the Court declines to allow Plaintiff to amend his complaint against ACS.

Plaintiff, however, asks the Court to consider evidence outside of the pleadings and to convert Defendants' Motion to a motion for summary judgment.  The evidence Plaintiff submitted, however, is unauthenticated, and the Court, therefore, declines to consider it for purposes of ACS's Motion.  Accordingly, the Court denies Plaintiff's request to convert Defendant's Motion to one for summary judgment.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendant ACS's Motion for Judgment on the Pleadings (#44).

IT IS SO ORDERED.

DATED this 8th day of September, 2005.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge